UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                    2:06-cr-50-FtM-99SPC

JOSE LUIS ZALDIVAR
ORLANDO LOPEZ
ALFREDO DIAZ ROJAS
YENIER BROCHE ORTIZ
YOEL BERMEDUZ

_____

**OPINION AND ORDER**

_____This matter comes before the Court on a Report and
Recommendation (Doc. #171) filed October 30, 2006. This Report and
Recommendation is identical to the original version (Doc. #95),
with the exception that the magistrate judge granted defendant
Alfredo Diaz Rojas's motion to adopt the co-defendant's motion to
suppress.  For the reasons stated in the Opinion and Order (Doc.
#157), the Court accepts and adopts the Report and Recommendation
in part and rejects it in part.

Also before the Court is the United States' Motion for
Reconsideration of Opinion and Order to the Extent that it Granted
Zalidvar's Motion to Suppress the Fingerprints and Palm Prints
Seized from the Vessel (Doc. #176), filed on November 8, 2006.
Defendant Zalidvar filed a Response (Doc. #178) in opposition on
November 14, 2006.

The government seeks reconsideration of the Court's Opinion and Order (Doc. #157) which suppressed fingerprints and palm prints seized from a vessel.  The government makes three legal arguments on reconsideration; the Court finds one of these arguments well-founded.

## I.

The Court found that the search of the vessel at the side of the road by Lt. Johnson was lawful under the consent exception to the search warrant requirement.  (Doc. #157, p. 4.)  The government now seeks to superimpose "plain view" principles upon this consent search.  (Doc. #176, pp. 2-4.)  The Court sees no reason to do so.  Rather, the Court agrees with the government's initial position (Doc. #67, pp. 6-7) that the proper analysis is the scope of the consent.

The scope of the consent in this case was not restricted or limited by the defendant.  In such a circumstance, the scope of the permissible search and seizure is only constrained by the bounds of reasonableness.  United States v. Taylor, 458 F.3d 1201, 1206 (11th Cir. 2006); United States v. Strickland, 902 F.2d 937, 941 (11th Cir. 1990).  It would certainly have been reasonable under the circumstances of this case for an officer to have seized (i.e., lifted) the prints when he saw them during the consent search.  Lt. Johnson testified that he observed the fingerprints and realized their evidentiary value.  (Doc. #80, pp. 114-17, 128.)  The difficulty is not that the consent was insufficient to allow the

seizure of the prints.  Rather, the prints were not seized at this time by Lt. Johnson despite the legal authority to do so on the basis of consent.  Since the prints were not seized at that time, applying plain view principles does not change this aspect of the case.

## II.

The government next argues that pursuant to the roadside consent the officer "lawfully seized the fingerprints and palm prints, even though he had to return later to seize them."  (Doc. #176, p. 4.)  The government argues that the consent given to Lt. Johnson was effective for the search by Special Agent Mullin in the impound lot.

In the context of a delayed probable cause search or a delayed inventory search, the Supreme Court has consistently found that a delay does not necessarily remove the justification for a warrantless search.  E.g., United States v. Johns, 469 U.S. 478 (1985); Florida v. Meyers, 466 U.S. 380 (1984); Michigan v. Thomas, 458 U.S. 259 (1982); Texas v. White, 423 U.S. 67 (1975); United States v. Edwards, 415 U.S. 800 (1974).  While neither side has cited any Supreme Court authority in the consent context, and the Court has found none, binding precedent from the Fifth Circuit has discussed a delayed consent search.  In United States v. White, 617 F.2d 1131, 1134 (5th Cir. 1980)[1], the court upheld a search

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. (continued...)

conducted two days after consent was given and by agents other than those named in a written consent form. The Court stated: "There is no indication that defendant attempted to withdraw his consent prior to the search or that he was in any way prejudiced by the delay or the search by other agents." Id.

Here, the search by Special Agent Mullin was conducted at least several hours after the completion of the consent search by Lt. Johnson. There was no evidence that defendant knew of this search, so his failure to attempt to withdraw his consent in inconsequential. More importantly, while the scope of the search was not limited, a reasonable person would have concluded that its duration was limited. Lt. Johnson testified that he told defendant he wanted to search the boat at the side of the road as part of a routine Coast Guard safety investigation, and defendant agreed that it was okay. (Doc. #80, p. 113.) In this context, an objectively reasonable person would find that the consent was limited to the search at the roadside, not that it extended to anytime any other agent wanted to search the vessel. The Court concludes that the seizure of the fingerprints and palm prints by the officers during the execution of the search warrant was not justified by the consent given by defendant.

---

[1](...continued)
1981) (*en banc*) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**III**.

Finally, the government asserts that even if the search warrant did not authorize the seizure of the prints, the fingerprints and palm prints were properly seized because they were in plain view.  An officer may seize an object without a warrant if: (1) the officer is lawfully in a position from which he views an object; (2) the object's incriminating character is immediately apparent; and (3) the officer has a lawful right of access to the object.  Minnesota v. Dickerson, 508 U.S. 366, 374-75 (1993); Horton v. California, 496 U.S. 128, 136-37 (1990); United States v. Smith, 459 F.3d 1276, 1290 (11th Cir. 2006).  For an object's incriminating character to be immediately apparent, the officer must have probable cause to believe the object is contraband or evidence of a crime without conducting some further search of the object.  Dickerson, 508 U.S. at 375; Arizona v. Hicks, 480 U.S. 321 (1987); Smith, 459 F.3d at 1290, 1293.  It is not required that discovery of the object be inadvertent.  Horton, 496 U.S. 128.

Here, the officers were lawfully on board the vessel at the storage lot pursuant to a valid search warrant.  The officers had a lawful right of access to the prints by virtue of the valid search warrant.  The only issue is whether the incriminating nature of the prints were immediately apparent, i.e., whether there was probable cause to believe they were evidence of human smuggling without conducting a further search.  This requires a practical consideration of the facts, not technicalities.  Smith, 459 F.3d at

1291-93.  The Court is satisfied that the collective knowledge of the officers established such probable cause.  It is not necessary for the officers to "know" that the prints belonged to an alien smuggled into the country, only that there is probable cause to believe such was the case.  The Court finds that a common sense evaluation of the known facts established such  probable cause. Accordingly, the prints were lawfully seized under the plain view exception to the warrant requirement.

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation (Doc. #171) is accepted and adopted in part and rejected in part, to the same extent as set forth in the Opinion and Order (Doc. #157).

2.  United States' Motion for Reconsideration of Opinion and Order to the Extent that it Granted Zalidvar's Motion to Suppress the Fingerprints and Palm Prints Seized from the Vessel (Doc. #175) is **GRANTED**.

3.  The October 16, 2006, Opinion and Order (Doc. #157) is **vacated** to the extent it granted part of defendant's Motion to Suppress.

4.  Defendant Jose Luis Zaldivar's Motion to Suppress Evidence (Doc. #59), as adopted by defendants Orlando Lopez and Alfredo Diaz Rojas, is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   16th   day of November, 2006.

JOHN E. STEELE
United States District Judge

Copies:
AUSA
Counsel of Record